UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

Antone D.,

           Plaintiff,

   v.

Nancy A. Berryhill, Deputy Commissioner of Social Security for Operations,

           Defendant.

CASE NO. 3:18-cv-05520-DWC

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of Plaintiff's application for disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 5.

After considering the record, the Court concludes the Administrative Law Judge ("ALJ") appropriately found Plaintiff's impairments do not meet the listings for mental health disorders; however, the ALJ erred when he failed to give legally sufficient reasons to discount the opinion evidence from Christopher Edwards, Psy.D. Had the ALJ properly considered this evidence, the

residual functional capacity ("RFC") may have included additional limitations. The ALJ's error is therefore not harmless, and this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Deputy Commissioner of Social Security for Operations ("Commissioner") for further proceedings consistent with this Order.

## FACTUAL AND PROCEDURAL HISTORY

On November 22, 2016, Plaintiff filed an application for DIB, alleging disability as of September 1, 2016. *See* Dkt. 7, Administrative Record ("AR") 17. The application was denied upon initial administrative review and on reconsideration. *See* AR 17. A hearing was held before Administrative Law Judge ("ALJ") Allen G. Erickson on December 21, 2017. *See* AR 36. In a decision dated January 17, 2018, the ALJ determined Plaintiff to be not disabled. *See* AR 30. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council, making the ALJ's decision the final decision of the Commissioner. *See* AR 1; 20 C.F.R. § 404.981, § 416.1481.

In Plaintiff's Opening Brief, Plaintiff maintains the ALJ erred by: (1) failing to find Plaintiff's impairments met the listings for mental health disorders under listings 12.04 and 12.15; (2) failing to provide legally sufficient reasons to discount the medical opinion of Dr. Edwards; (3) giving insufficient weight to the opinion of Diana J. Garzilazo, LPN; and (4) failing to account for greater limitations in Plaintiff's RFC. Dkt. 15, pp. 5-11. As a result of these alleged errors, Plaintiff requests the Court remand his case for an award of benefits. *Id.* at 12.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by

substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

DISCUSSION

**I. Whether the ALJ properly found Plaintiff's impairments do not meet the listings for mental health disorders.**

Plaintiff contends the ALJ erred by failing to find his impairments met the listings for depressive and anxiety disorders and trauma and stress disorders under 12.04 and 12.15 of 20 C.F.R. Part 404, Subpart P, Appendix 1. *See* Dkt. 15, pp. 5-8.

At Step Three of the sequential evaluation process, the ALJ considers whether one or more of the claimant's impairments meets or equals an impairment listed in Appendix 1 to Subpart P of the regulations. 20 C.F.R. § 404.1520(a)(4)(iii). Each listing sets forth the "symptoms, signs, and laboratory findings" which must be established in order for a claimant's impairment to meet the Listing. *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999) (citation omitted). If a claimant meets or equals a listing, the claimant is considered disabled without further inquiry. *See* 20 C.F.R. § 416.920(d). The burden of proof is on the claimant to establish he meets or equals any of the impairments in the listings. *See Tackett*, 180 F.3d at 1098. "A generalized assertion of functional problems," however, "is not enough to establish disability at step three." *Id.* at 1100 (citing 20 C.F.R. § 404.1526).

1. Paragraph B Criteria

In this case, Plaintiff argues the ALJ erred in his application of the "paragraph B" criteria contained in Listings 12.04 and 12.15. Dkt. 15, p. 5. To meet the "paragraph B" criteria,

Plaintiff's mental impairments must result in "extreme limitation[1] of one, or marked limitation of two" of the following areas of mental functioning:

1. Understand, remember, or apply information
2. Interact with others
3. Concentrate, persist, or maintain pace
4. Adapt or manage oneself

20 C.F.R. Part, 404, Subpt. P, App. 1, §12.00 (E) and (F) (effective August 22, 2017 to March 13, 2018) (footnote added).[2]

Here, the ALJ found Plaintiff has moderate limitations in each of the areas of functioning above and then explained why those limits did not rise to the level of marked or extreme. *See* AR 21-22. To show Plaintiff experienced no more than moderate limitations in understanding, remembering, or applying information, the ALJ cited evidence showing Plaintiff could manage his self-care, prepare simple meals, perform laundry, drive, shop online, watch TV, play games, and deal with his finances independently. AR 21. The ALJ used substantially this same evidence to show no more than moderate deficits in concentrating, persisting, or maintaining pace; and in adapting or managing oneself. AR 21-22. To show no more than moderate limitations interacting

---

[1] The listing criteria for mental health disorders use the five-point rating system defined below:

  a. No limitation (or none). You are able to function in this area independently, appropriately, effectively, and on a sustained basis
  b. Mild limitation. Your functioning in this area independently, appropriately, effectively, and on a sustained basis is slightly limited.
  c. Moderate limitation. Your functioning in this area independently, appropriately, effectively, and on a sustained basis is fair.
  d. Marked limitation. Your functioning in this area independently, appropriately, effectively, and on a sustained basis is seriously limited.
  e. Extreme limitation. You are not able to function in this area independently, appropriately, effectively, and on a sustained basis.

20 C.F.R. § Pt. 404, Subpt. P, App. 1 §12.00 (F)(2) (effective August 22, 2017 to March 13, 2018).

[2] The Court "applies the law in effect at the time of the ALJ's decision." *Rose v. Berryhill*, 256 F.Supp.3d 1079, 1083 n.3 (C.D. Cal. 2017) (citations omitted).

with others, the ALJ pointed to evidence showing Plaintiff consistently engaged in a pleasant and cooperative manner with medical/mental health professionals, is able to go out alone, and was able to travel from Washington State to Atlanta. AR 21. Plaintiff's arguments on appeal concern his ability to interact with others and his ability to understand, remember, or apply information. *See* Dkt. 15, pp. 6-7.

### A. Ability to Interact With Others

Plaintiff contends the ALJ's conclusions are not consistent with Plaintiff's self-reports regarding "severe problems in his ability to interact with people," difficulty traveling, and receiving help from his neighbor to shop and cook. *Id.* at 6-7 (citing AR 77, 80, 89). Plaintiff also argues medical evidence shows "ongoing marked limitations in his ability to interact with others," and that the ALJ failed to cite Plaintiff's statements to Dr. Edwards that his PTSD and anxiety "have become extremely limiting and result in isolation." *Id.* at 7 (citing AR 60, 458).

However, while the cited medical evidence shows some self-isolation and moderate to significant impairment in ability to interact with co-workers and the public, it does not show marked impairments interacting with others. *See* AR 458. While the ALJ did not specifically cite Plaintiff's statements to Dr. Edwards that his PTSD and anxiety "have become extremely limiting and result in isolation," AR 457, the ALJ accounted for similar statements that Plaintiff "stay[s] away from people" because of his PTSD. AR 21 (citing AR 277). Although Plaintiff testified he "can't be on [a] plane and fly and deal with people," AR 89, the ALJ noted evidence showing Plaintiff is able to go out alone, was able to travel on a plane from Seattle to Atlanta, and consistently engaged in a pleasant and cooperative manner with health professionals. AR 21 (citing, *e.g.,* AR 275, 386, 444, 456, and 471). This evidence shows ability to interact with others when necessary. Thus, even if Plaintiff does not regularly fly or regularly engage with others,

substantial evidence supports the ALJ's determination that Plaintiff has less than marked limitations interacting with others.

### B. Ability to Understand, Remember, or Apply Information

Plaintiff contends the ALJ's conclusions are not consistent with evidence showing he suffers "extreme limitation in his ability to remember basic dates and appointments[.]" Dkt. 15 at 7 (citing AR 60, 458). However, the evidence Plaintiff cites does not show extreme limitations. As noted, the listings for mental health disorders define an "extreme limitation" as the "inability" to function in a particular area "independently, appropriately, effectively, and on a sustained basis[.]" 20 C.F.R. § Pt. 404, Subpt. P, App. 1 §12.00 (F)(2) (effective August 22, 2017 to March 13, 2018). A marked limitation is a serious limitation in a person's ability to function in a particular area independently, appropriately, effectively, on a sustained basis. *Id*.

Here, Plaintiff notes his testimony that he sometimes forgets to do a task. AR 60. He also points out evidence from Dr. Edwards, who opined Plaintiff is "significantly impaired" in his memory. AR 458. While the cited evidence shows some limitation in memory, the record is vague on the extent of this limitation. For instance, the record does not show how often Plaintiff forgets to do tasks. Furthermore, "significantly impaired" memory does not necessarily correspond to the terms that define marked or severe limitations and could be reasonably applied to the definition of a moderate limitation. *See* 20 C.F.R. § Pt. 404, Subpt. P, App. 1 §12.00 (F)(2) (effective August 22, 2017 to March 13, 2018). Hence, the evidence Plaintiff cites is consistent with the ALJ's assessment that Plaintiff has less than marked limitations in understanding, remembering, or applying information. *See* AR 21. As noted, it is Plaintiff's burden to establish he meets or equals any of the impairments in the listings. *See Tackett*, 180 F.3d at 1098.

Lastly, Plaintiff contends the ALJ's listing analysis ignores self-reports of being struck by IEDs in Iraq as well as medical documentation showing a traumatic brain injury, PTSD,

depression, anxiety, restlessness, and nightmares. Dkt. 15 at 7 citing AR 366, 62, and 457. However, the medical record regarding Plaintiff's traumatic brain injury does not set forth limitations greater than assessed by the ALJ. On the contrary, the record Plaintiff cites notes no impairments in memory, concentration, executive function, judgment, orientation, and social interaction. *See* AR 367.

In sum, the ALJ recognized Plaintiff had limits in all four areas of the paragraph B criteria, and then explained why those limitations did not rise to the level of marked or extreme. While Plaintiff takes a different view of the record, the ALJ's findings with respect to the paragraph B criteria are supported by substantial evidence. *See Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984) (citation omitted) ("If the evidence admits of more than one rational interpretation," the court must uphold the ALJ's decision).

2. Paragraph C Criteria

Plaintiff next argues the ALJ erred in his application of the "paragraph C" criteria contained in Listings for mental disorders, which are used as an alternative to the criteria under paragraph B. *See* Dkt. 15, pp. 7-8. Plaintiff, however, does not articulate how the ALJ erred in applying the paragraph C criteria apart from stating "the ALJ's analyses of paragraphs B and C of the listings do not fully address the totality of the circumstances surrounding [Plaintiff's] mental health issues and contain inconsistencies that must be corrected." *Id.* at 8. Because Plaintiff has not pointed to any specific evidence in the record showing he meets the paragraph C requirements, the Court declines to address the argument that the ALJ erred in applying the paragraph C criteria. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (the court will not consider an issue that a Plaintiff fails to argue "with any specificity in his briefing").

**II.     Whether the ALJ assigned proper weight to the opinion of Dr. Edwards.**

Plaintiff next contends the ALJ erred in weighing the opinion of Dr. Edwards. The Court agrees. Dkt. 15, pp. 8-9.

In assessing an acceptable medical source, an ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)); *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988)). When a treating or examining physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-31 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

In a March 2017 mental evaluation, Dr. Edwards diagnosed PTSD, Major Depressive Disorder, severe, and Generalized Anxiety Disorder. AR 458. Although Dr. Edwards found Plaintiff has some adaptation skills and mostly intact ability to reason and understand, he found Plaintiff has significant impairment in memory, sustained concentration, and persistence, as well as moderate to significant impairments in ability to interact with co-workers and the public. *Id*. He found Plaintiff's ability to deal with the usual stress encountered in the workplace is markedly impaired if it involves situations that demand extensive interpersonal interaction or those that could be triggering. *Id*. Lastly, Dr. Edwards found Plaintiff's ability to maintain regular attendance in the workplace "appears likely significantly impaired," and noted significant

impairment in Plaintiff' ability to complete a normal work day or work week without interruptions from mental health symptoms and the reported physical limitations. *Id*.

The ALJ gave Dr. Edwards' opinion partial weight, noting:

> The doctor's opinion is somewhat consistent with the overall medical evidence of record, including the claimant's sparse treatment history and his examination findings. Yet, his opinion regarding the claimant's significant to marked limitations in mental functioning are not consistent with (1) evidence indicating that medications help manage the claimant's symptoms, (2) as well as his ability to travel to Atlanta and perform some activities of daily living.

AR 29 (numbering added).

First, the ALJ discounted Dr. Edwards' opinion because his assessment of significant to marked limitations was inconsistent with evidence showing medication helped manage Plaintiff's symptoms. AR 29. An ALJ cannot reject a physician's opinion in a vague or conclusory manner. *See Garrison v. Colvin*, 759 F.3d 995, 1012-13 (9th Cir. 2014) (citing *Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir. 1996)); *Embrey*, 849 F.2d at 421-22. Rather, the ALJ "must set forth [her] own interpretations and explain why they, rather than the doctors', are correct." *Embrey*, 849 F.2d at 421-22.

Here, the ALJ failed to explain how aspects of Dr. Edwards' opinion conflicts with evidence showing medications managed Plaintiff's symptoms. Instead, the ALJ "merely states" these facts "point toward an adverse conclusion" but "makes no effort to relate any of these" facts to "the specific medical opinions and findings he rejects." *Embrey,* 849 F.2d at 421. "This approach is inadequate." *Id.* at 422.

Further, the ALJ's first reason for rejecting this opinion is unsupported by the record. Dr. Edwards' notes from his March 2017 mental evaluation state Plaintiff's current psychotropic medications "help to provide relief from anxiety and depression and also help with managing nightmares." AR 455. Dr. Edwards also noted Plaintiff's self-report that current psychotropic

medications are helpful and, "they keep my mind at ease." AR 25 (citing AR 456). Although the record indicates Plaintiff obtains benefit from medication, it does not specify how much. The fact medications provide some relief from Plaintiff's mental health symptoms is not inconsistent with Dr. Edwards' opinion that Plaintiff has continuing limitations. Obtaining relief from medication does not necessarily suggest Plaintiff has the ability to work in a competitive environment. As a mental health professional, Dr. Edwards, not the ALJ, was in a better position to assess what impairments Plaintiff continues to experience in spite of the relief he obtains from medications. Therefore, the ALJ erred in discounting Dr. Edwards' assessment, as the ALJ's reasoning was conclusory and not supported by the record.

Second, the ALJ discounted Dr. Edwards' opinion because the limitations he assessed were inconsistent with Plaintiff's activities of daily living and his ability to travel from Washington State to Atlanta. AR 29. Again, however, the ALJ provided conclusory reasoning, as he failed to explain which specific part of Dr. Edwards' opinion was inconsistent with these activities and failed to explain why the opinion was inconsistent with these activities. *See McAllister v. Sullivan*, 888 F.2d 599, 602 (9th Cir. 1989) (an ALJ's rejection of a physician's opinion on the ground that it was contrary to the record was "broad and vague, failing to specify why the ALJ felt the treating physician's opinion was flawed").

In addition, in his analysis of the mental health listings, the ALJ noted Plaintiff enjoys watching TV and playing games, and is able to manage his self-care, prepare simple meals, perform laundry, drive, shop online, and deal with his finances independently. AR 21. The ALJ also noted Plaintiff consistently engaged in a pleasant and cooperative manner with medical/mental health professionals. *Id*. However, these activities are not necessarily inconsistent with the significant to marked limitations assessed by Dr. Edwards. The Ninth

Circuit has repeatedly warned ALJs must be cautious in concluding that daily activities are inconsistent with evidence of limitations because "impairments that would unquestionably preclude work and all the pressures of a workplace environment will often be consistent with doing more than merely resting in bed all day." *Garrison v. Colvin*, 759 F.3d 995, 1016 (9th Cir. 2014) (internal citations omitted)*; See also Binford v. Colvin*, 113 F. Supp. 3d 1067, 1072 (W.D. Wash. 2015) (finding a plaintiff's daily activities not inconsistent with a doctor's assessment of mental limitations). Significant to marked limitations in memory, dealing with stress in the workplace, maintaining attendance, and completing a workday/workweek does not require a plaintiff to vegetate in a dark room excluded from all forms of social human activity. *See Cooper v. Bowen,* 815 F.2d 557, 561 (9th Cir. 1987).

Moreover, the limitations Dr. Edwards assessed are not inconsistent with basic activities such as watching TV and playing games, managing self-care, preparing simple meals, performing laundry, driving, shopping online, and dealing with finances independently. Plaintiff's visit to Atlanta, which he testified was an emergency trip to visit his daughter, AR 88, shows at best Plaintiff was partially functional for two days. "It is well established that sporadic or transitory activity does not disprove disability." *Robinson v. Shalala*, 67 F.3d 308, *4 (9th Cir. 1995) (unpublished opinion) (citing *Smith v. Califano*, 637 F.2d 968, 971-72 (3d Cir.1981). Due to the conclusory nature of the ALJ's assertion and lack of record support, this was not a specific, legitimate reason to discount Dr. Edwards' opinion.

For the above stated reasons, the Court finds the ALJ failed to provide a specific, legitimate reason, supported by substantial evidence in the record, to discount Dr. Edwards' medical opinion. Accordingly, the ALJ erred.

Harmless error principles apply in the Social Security context. *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674 F.3d at 1115. The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-19 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)).

Here, while Dr. Edwards assessed limitations in ability to maintain regular attendance in the workplace and in ability to complete a normal workday or work week, these limitations were not included in the ALJ's determination of Plaintiff's RFC. Furthermore, although the ALJ limited Plaintiff to only occasional interaction with the general public and co-workers, it is not clear whether the ALJ would have included additional social limitations had the ALJ fully credited the significant to marked social limitations assessed by Dr. Edwards. In turn, these limitations may have been conveyed to the vocational expert ("VE"), affecting the ultimate disability determination. Because the ultimate disability determination may have changed with proper consideration of Dr. Edwards' opinion, the ALJ's error is not harmless and requires reversal.

**III.     Whether the ALJ assigned proper weight to the evidence from Ms. Garzilazo.**

Plaintiff contends the ALJ erred by not giving significant weight to the "opinion evidence" from Ms. Garzilazo, a licensed practical nurse who provided primary care to Plaintiff. *See* Dkt. 15, pp. 8-9; AR 518.

As noted previously, the ALJ erred in discounting the opinion of Dr. Edwards. Because Plaintiff will be able to present new evidence and testimony on remand, and because proper consideration of Dr. Edwards' medical opinion evidence may impact the ALJ's assessment of any evidence from Ms. Garzilazo, the Court declines to consider whether the ALJ erred with respect to evidence from Ms. Garzilazo. Instead, the Court directs the ALJ to reweigh evidence from Ms. Garzilazo as necessary on remand.

IV. **Whether the ALJ appropriately evaluated Plaintiff's RFC**

Plaintiff contends the ALJ erred in assessing his RFC on account of the improper weight assigned to the opinion evidence discussed above. *See* Dkt. 15, pp. 9-11.

The Court has found the ALJ committed harmful error and has directed the ALJ to reassess medical opinion evidence on remand. *See* Sections I.-II., *supra*. Hence, the ALJ is directed to reassess the RFC on remand. *See* Social Security Ruling 96-8p, 1996 WL 374184 (1996) (an RFC "must always consider and address medical source opinions"); *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) ("an RFC that fails to take into account a claimant's limitations is defective"). As the ALJ must reassess Plaintiff's RFC on remand, the ALJ is directed to re-evaluate Step Five to determine whether there are jobs existing in significant numbers in the national economy Plaintiff can perform given the RFC. *See Watson v. Astrue*, 2010 WL 4269545, at *5 (C.D. Cal. Oct. 22, 2010) (finding the RFC and hypothetical questions posed to the VE defective when the ALJ did not properly consider two physicians' findings).

V. **Whether an award of benefits is warranted.**

Lastly, Plaintiff requests the Court remand this case for an award of benefits. Dkt. 15, p. 12. The Court may remand a case "either for additional evidence and findings or to award

benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1992). Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit created a "test for determining when evidence should be credited and an immediate award of benefits directed." *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d at 1292.

In this case, the Court has determined the ALJ committed harmful error and has directed the ALJ to re-evaluate the opinion evidence from Dr. Edwards and Ms. Garzilazo, the RFC, and the Step Five findings on remand. Because outstanding issues remain regarding the medical evidence, the RFC, and Plaintiff's ability to perform jobs existing in significant numbers in the national economy, remand for further consideration of this matter is appropriate.

## CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings in accordance with the findings contained herein.

Dated this 23rd day of January, 2019.

David W. Christel
United States Magistrate Judge

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 14